**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SANDRA FUTCH, Individually and as Special Administrator of the Estate of Hershel B. Sheffield, Sr., Deceased, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-402-GPM |
| | ) |
| AIG, INC., as successor-in-interest to Fischbach & Moore, Exelon Generation Group, LLC, as successor-in-interest to Fischbach & Moore, et al., | ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on the motion for voluntary dismissal (Doc. 26) and the motion for remand to state court (Doc. 27) brought by Plaintiff Sandra Futch. For the following reasons, the motions are **GRANTED**.

### INTRODUCTION

This case is an action for wrongful death under Illinois law arising from the death of Hershel B. Sheffield, Sr., Futch's decedent, from mesothelioma, allegedly as a result of employment-related exposure to asbestos. The action was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois; however, on February 28, 2007, Futch's counsel obtained leave from the state court to join Defendant Tennessee Valley Authority ("TVA"), whereupon TVA removed the case to this Court in so-called "federal officer" jurisdiction. *See* 28 U.S.C. § 1442; *Cohee v. McDade*, 472 F. Supp. 2d 1082, 1083 (S.D. Ill. 2006); *Alsup v.*

Page 1 of 15

*3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 843-44 (S.D. Ill. 2006). TVA is, of course, an agency of the United States and thus a federal officer for purposes of 28 U.S.C. § 1442, which authorizes removal to federal court of "[a] civil action . . . commenced in a State court against . . . [t]he United States or any agency thereof[.]" 28 U.S.C. § 1442(a)(1). *See also* 16 U.S.C. § 831r (denominating TVA as "an instrumentality and agency of the Government of the United States for the purpose of executing its constitutional powers[.]"); *Williamson v. McKenzie-Cate Co.*, No. 1:05-CV-237, 2006 WL 543996, at *1 (E.D. Tenn. Mar. 6, 2006) (an action against TVA was properly removed in federal officer jurisdiction).[1] Futch does not contest TVA's right to remove this case and instead seeks voluntary dismissal of her claims against TVA. Additionally, Futch requests that, if the Court grants voluntary dismissal of her claims against TVA, which are the sole basis for the exercise of federal subject matter jurisdiction in this case, then the Court grant discretionary remand of her remaining claims in the case to state court. TVA does not oppose Futch's motion for voluntary dismissal. The Court considers each of Futch's requests in turn.

## DISCUSSION

### A.    Voluntary Dismissal

The Court addresses first Futch's motion for voluntary dismissal of her claims against TVA. Futch's motion is brought pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, which

---

1.    It perhaps is worth noting that removal of a case by a federal officer under 28 U.S.C. § 1442 does not require the consent of co-defendants. *See Alsup*, 435 F. Supp. 2d at 842; *Bottos v. Avakian*, 477 F. Supp. 610, 611 n.3 (N.D. Ind. 1979). Thus, a defendant with the right to remove an action in federal officer jurisdiction may do so even if earlier-served defendants failed to exercise their right of removal or do not join in the removal. *See Alsup*, 435 F. Supp. 2d at 843 (citing *Plourde v. Ferguson*, 519 F. Supp. 14, 16 (D. Md. 1980)). *See also Schillinger v. 360Networks USA, Inc.*, Civil No. 06-138-GPM, 2006 WL 1388876, at **6-7 (S.D. Ill. May 18, 2006). Accordingly, the fact that TVA removed this action following its joinder as a party Defendant in a sixth amended complaint is not an impediment to removal.

provides, in pertinent part, that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Although Rule 41(a)(2) speaks of dismissal of "an action" rather than of dismissal of claims against a defendant in an action, in this Circuit "[d]ismissal of all claims against a particular defendant is . . . considered dismissal of an 'action' for purposes of Rule 41(a)." *Remien v. EMC Corp.*, No. 04 C 3727, 2004 WL 2381876, at *1 n.1 (N.D. Ill. Oct. 19, 2004) (citing *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983)). *See also Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 602 (N.D. Ill. 1993) ("Rule 41(a) was singularly designed to allow for voluntary dismissal of entire actions only and not for dismissal of one of several claims against a defendant."). *Accord Woodburn Constr. Co. v. Encon Pac., LLC*, No. C05-5811FDB, 2007 WL 655414, at *1 (W.D. Wash. Feb. 27, 2007) ("Rule 41 is reserved for circumstances in which the result of the alleged dismissal is that one or all of the defendants are released from the action.") (collecting cases); *Dee-K Enters., Inc. v. Heveafil Sdn. Bhd.*, 177 F.R.D. 351, 355-56 (E.D. Va. 1998) (in a multi-defendant case, construing a motion to amend a complaint to dismiss all claims against one defendant as a request for voluntary dismissal of that defendant under Rule 41(a)); *Plasterer v. Hahn*, 103 F.R.D. 184, 185 (M.D. Pa. 1984) ("[W]hen, as here, a plaintiff wishes to dismiss his entire claim against one of several defendants, Rule 41(a)(2) properly applies.").

　　　Having determined that Futch's request for voluntary dismissal is properly brought pursuant to Rule 41, the Court notes further that Futch cannot voluntarily dismiss her claims against TVA as of right under the rule. Pursuant to Rule 41(a)(1), a plaintiff may voluntarily dismiss claims as of right at any time before the filing of an answer or a motion for summary judgment. *See Crook v.*

*WMC Mortgage Corp.*, No. 06-cv-535-JPG, 2006 WL 2873439, at *1 (S.D. Ill. Oct. 5, 2006) (quoting *Hare v. Abbott Labs.*, No. 97 C 2692, 1997 WL 223056, at *1 (N.D. Ill. Apr. 29, 1997) ("A plaintiff's right to voluntary dismissal by notice before the filing of an answer or a motion for summary judgment is 'absolute.'").[2]   However, in this case TVA filed an answer to Futch's operative complaint on June 6, 2007, thus terminating Futch's absolute right to a voluntary dismissal of her claims against the agency.  *See Sheldon v. Amperex Elec. Corp.*, 52 F.R.D. 1, 9 (E.D.N.Y. 1971) (the filing of an answer by a defendant terminates a plaintiff's absolute right of voluntary dismissal as to that defendant, although not as to other defendants in a case who have not yet answered); *Miller v. Stewart*, 43 F.R.D. 409, 411-12 (E.D. Ill. 1967) (same); *Terry v. Pearlman*, 42 F.R.D. 335, 337 (D. Mass. 1967) (same).  Thus, the Court must determine whether a grant of voluntary dismissal under Rule 41(a)(2) is proper in this instance.

In general, of course, a grant of voluntary dismissal under Rule 41(a)(2) is committed to a district court's sound discretion.  *See FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992); *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971); *Cottrell v. Village of Wilmette*, No. 92 C 8433, 1994 WL 63018, at *2 (N.D. Ill. Feb. 11, 1994).  "[T]he very concept of discretion presupposes a zone of choice within which the trial court may go either way . . . in granting or denying voluntary dismissal."  *Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 757, 768 (S.D. Ill. 2006) (quoting *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986)).  "The district court abuses its discretion only when it can be

---

2.   This "absolute" right is subject to the important qualification, of course, that under the so-called "two-dismissal" rule the claims of a plaintiff who seeks voluntary dismissal under Rule 41(a)(1) a second time are dismissed with prejudice.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990); *Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 143 (7th Cir. 1978).

established . . . that . . . the defendant will suffer 'plain legal prejudice' as the result of the district court's dismissal of the plaintiff's action." *Id.* at 767. "[F]actors to be considered in examining motions to dismiss may properly include 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) (quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)). "The enumeration of the factors to be considered . . . is not equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." *Id. See also Woodzicka v. Artifex Ltd.*, 25 F. Supp. 2d 930, 934 (E.D. Wis. 1998). The plaintiff has the burden of persuading the court that dismissal is warranted. *See Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177-78 (7th Cir. 1994) ("Rule 41(a)(2) requires the plaintiff to persuade the district court and to establish that voluntary dismissal without prejudice is warranted . . . . Without such demonstration, an action shall not be dismissed at the request of a plaintiff.").

In this instance TVA does not claim that it will suffer plain legal prejudice if voluntary dismissal is granted as to Futch's claims against the agency and in fact TVA consents to voluntary dismissal of those claims. To the extent the interests of other Defendants in this case are relevant in evaluating the propriety of a grant of voluntary dismissal as to Futch's claims against TVA, the Court sees no likelihood that voluntary dismissal will cause them plain legal prejudice. While it is clear that Futch's purpose in seeking voluntary dismissal of her claims against TVA is to eliminate the sole basis for federal subject matter jurisdiction in this case and thus facilitate remand of her

remaining claims to state court (an issue discussed in more detail in the next section of this order), the mere prospect of further litigation in a state forum has never been considered prejudice such as to warrant denial of a motion for voluntary dismissal. *See Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474-75 (7th Cir. 1988) (finding that a defendant who chose not to remove an identical state action to federal court would not be prejudiced by the voluntary dismissal of the federal action, which the plaintiff requested so that the suit could be pursued in state court); *Stern*, 452 F.2d at 213 ("In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."); *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 199 F.R.D. 304, 306 (S.D. Ind. 2001) (the fact that a plaintiff, if granted voluntary dismissal, intends to initiate "a second lawsuit on the same facts in state court does not constitute plain legal prejudice" such as to warrant denying voluntary dismissal). *See also Quad/Graphics, Inc.*, 724 F.2d at 1233 ("[T]he prospect of a second lawsuit or the creation of a tactical advantage, is insufficient to justify denying the plaintiff's motion to dismiss.").

Legal prejudice may arise where dismissal would strip a defendant of a defense in potential litigation in an alternative forum. *See, e.g., Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177-80 (5th Cir. 1990) (a trial court abused its discretion in allowing the voluntary dismissal of a suit, since the defendant would lose the possible defense of forum non conveniens, a characteristic feature of maritime law, if the case were reinstated in a Louisiana state court); *Dixon v. First Family Fin. Servs.*, 276 B.R. 173, 178 (Bankr. S.D. Miss. 2002) (plain legal prejudice exists when the dismissal of an action strips the defendant of a viable affirmative defense); *Taylor v. Coca-Cola Co.*, No. CIV. A. 00-2488, 2001 WL 204725, at **7-8 (E.D. La. Feb. 28, 2001)

(voluntary dismissal without prejudice is not proper where a defendant would be deprived of a statute of limitations defense if suit were refiled in an alternative forum). However, this is not such a case. Other than the fact that TVA is a party to the case, Futch's claims have no apparent basis in federal subject matter jurisdiction, and the 128 other Defendants named in her operative complaint will lose nothing if, by virtue of TVA's dismissal from the case, Futch's remaining claims are remanded to state court. From the point of view of those Defendants, the presence of this case in federal court is, to put it bluntly, a fluke caused by Futch's tactical misstep in joining TVA. It is well settled, of course, that the fact that a case can be removed to federal court does not vest in a defendant a right to a trial in federal court. *See Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337-38 (7th Cir. 1953) (removal of a case to federal court does not preclude a plaintiff from seeking voluntary dismissal in order to re-file his or her claims in state court). The Court in its discretion will grant Futch's request for voluntary dismissal of her claims against TVA.

### B.    Discretionary Remand

Having concluded that dismissal of Futch's claims against TVA is appropriate, the Court turns to Futch's request for remand of her remaining claims to state court. In *Alsup* the Court noted that "[r]emoval under 28 U.S.C. § 1442 represents an exception to the general rule that removal of an action based on an issue of federal law is governed by the claims asserted in a plaintiff's well-pleaded complaint." 435 F. Supp. 2d at 843-44. *See also Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 589-90 (S.D. Ill. 2007) (discussing the familiar principle that, in general, whether a case arises under federal law is determined by the claims asserted in a plaintiff's "well-pleaded complaint"). Specifically, "[a] defendant who is able to meet the requirements for removal under section 1442 'gain[s] access to federal court . . . even . . . where no federal question is presented by

the plaintiff.'" *Alsup*, 435 F. Supp. 2d at 844 (quoting *Ryan v. Dow Chem. Co.*, 781 F. Supp. 934, 939 (E.D.N.Y. 1992)). "Also, section 1442(a)(1) authorizes removal of an entire case, even though only one of its controversies might involve a federal officer or agency." *Id.* *See also Lalonde v. Delta Field Erection*, No. Civ.A.96-3244-B-M3, 1998 WL 34301466, at *2 n.4 (M.D. La. Aug. 6, 1998) ("If a particular claim is removable under Section 1442(a)(1), then the entire action becomes removable.").

As a leading treatise on federal jurisdiction explains, "[s]ince [28 U.S.C. §] 1442(a)(1) authorizes removal of the entire case, even though only one of its controversies might involve a federal officer or agency, the section creates a species of statutorily mandated ancillary subject matter jurisdiction over the claims outside its ambit." 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice & Procedure* § 3727 (3d ed. 1998 & Supp. 2007). *See also Parker v. Della Rocco*, 197 F.R.D. 214, 216 (D. Conn. 2000) ("[I]n a case removed under 28 U.S.C. § 1442(a)(1), that statute . . . creates a species of ancillary jurisdiction over the nonfederal elements of the case."); *Ewell v. Petro Processors of La., Inc.*, 655 F. Supp. 933, 936-37 (M.D. La. 1987) (in cases removed under Section 1442, a federal court's jurisdiction over claims asserted against defendants who are not federal officers is ancillary and discretionary). Thus, a district court "can exercise its discretion and decline jurisdiction over the ancillary claims once the federal agency has dropped out of the case . . . . Whether such ancillary claims must be remanded if the federal officer's 'anchor' claim is dismissed or settled depends on considerations of comity, federalism, judicial economy, and fairness to litigants." 14C Wright, Miller, Cooper & Steinman, *Federal Practice & Procedure* § 3727 (collecting cases). *See also Macias v. Kerr-McGee Corp.*, No. 92-C-3389, 1993 WL 524734, at *1 (N.D. Ill. Dec. 14, 1993)

(citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)) ("When considering a discretionary remand after the disposal of the [federal officer claims] upon which the case was originally removed, courts should consider the following factors:  economy, convenience, fairness, and comity."). *Accord Torres v. CBS News*, 879 F. Supp. 309, 321 (S.D.N.Y. 1995) (in determining whether to remand state-law claims to state court once "the federal party is eliminated from the suit after removal pursuant to [Section] 1442(a)(1)," the considerations guiding a court's discretion are "comity, federalism, judicial economy and fairness to the litigants").

In the context of the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367, which codifies the federal common-law doctrine of ancillary jurisdiction, *see Winstead v. J.C. Penny Co.*, 933 F.2d 576, 580 (7th Cir. 1991); 14C Wright, Miller, Cooper & Steinman, *Federal Practice & Procedure* § 3739, it is axiomatic that, when all claims in a case that afforded a basis for federal subject matter jurisdiction have been dismissed before trial, any remaining state-law claims should be dismissed or remanded to state court.  "[F]ederal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court, although if all the federal claims drop out before trial, even as a consequence of the plaintiff's own voluntary dismissal, the district judge normally will relinquish jurisdiction over the state-law claims." *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1998) (citations omitted). *See also Perkins v. Lawson*, 312 F.3d 872, 876 (7th Cir. 2002) (in a removed case, vacating a grant of summary judgment against a plaintiff on a state-law claim and directing its remand to state court, after pre-trial dismissal of a claim arising under federal law); *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001) (quoting *Disher v. Information Res., Inc.*, 873 F.2d 136, 140 (7th Cir. 1989)) ("A decision to relinquish [supplemental] jurisdiction" once all of the federal claims in a case have been dismissed before trial "is . . . the

norm, . . . and such a decision will be reversed only in extraordinary circumstances."); *Carr v. CIGNA Sec., Inc.*, 95 F.3d 544, 546 (7th Cir. 1996) ("The general rule, when the federal claims fall out before trial, is that the judge should relinquish jurisdiction over any supplemental . . . state law claims in order to minimize federal judicial intrusion into matters purely of state law.").

The rule that a federal court should relinquish jurisdiction over state-law claims once all of the federal claims in a case have been dismissed before trial is subject, of course, to certain exceptions. Specifically, it is appropriate for a district court to retain jurisdiction of such claims in three kinds of circumstances: "where the statute of limitations would bar the refiling of the supplemental claims in state court . . . ; where substantial federal judicial resources have already been expended on the resolution of the supplemental claims; and where it is obvious how the claims should be decided." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (citing *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)). However, in the absence of compelling reasons for the exercise of jurisdiction, "there is a presumption against retaining jurisdiction of supplemental state law claims when the federal claims are dismissed before trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (citing *Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996)). This is because, "[a]t that point, respect for the state's interest in applying its own law, along with the state court's greater expertise in applying state law, become paramount concerns." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 728 (7th Cir. 1998) (quoting *Huffman v. Hains*, 865 F.2d 920, 923 (7th Cir. 1989)). *See also Wisconsin Cent. Ltd. v. Public Serv. Comm'n of Wis.*, 95 F.3d 1359, 1366 (7th Cir. 1996) (noting "the strong federalism interest in allowing a state first crack at interpreting its own laws"). "This presumption against retaining jurisdiction of supplemental state law claims is . . . rooted in well-established

principles, including the need to afford litigants who actually have cases in which there is a federal interest as expeditious a form of justice as is reasonably possible, and a substantial comity interest in allowing state courts to apply and to interpret their own laws, at least in cases where there is no federal interest at stake." *Forbes v. Milwaukee County*, No. 05-C-591, 2007 WL 41950, at *19 (E.D. Wis. Jan. 4, 2007).

In the context of cases removed in federal officer jurisdiction, courts routinely remand such cases once claims giving rise to federal jurisdiction under 28 U.S.C. § 1442 have been dismissed. "Remanding the remainder of the litigation once the issue concerning the federal officer has been adjudicated when the case has not proceeded so far in the district court as to make remand an inefficient use of resources is another way the federal courts can express concerns for states' rights and limit their interference in matters of state interest." 14C Wright, Miller, Cooper & Steinman, *Federal Practice & Procedure* § 3727. As a federal court of appeals in a sister circuit noted, where issues of state law predominate in a case and considerations of fairness and judicial economy weigh in favor of state court, "[i]n this context, federal courts in this circuit and elsewhere regularly remand cases removed under section 1442(a)(1) once the federal party is eliminated." *District of Columbia v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 133 (D.C. Cir. 1985) (collecting cases). *See also Spencer v. New Orleans Levee Bd.*, 737 F.2d 435, 438 (5th Cir. 1984) (noting that, once federal officer defendants have been dismissed from a removed action, it is a "proper[ ] exercise[ ] [of] discretion" for a district court to decline to exercise jurisdiction over the remaining claims in a case on the grounds of "reluctan[ce] to disturb the plaintiffs' choice of forum where there [is] no continuing basis for federal jurisdiction."); *Torres*, 879 F. Supp. at 321 (upon the elimination of a federal defendant from a defamation action shortly after it was removed to federal

court, ordering the case remanded to state court for proceedings on the state-law claims against the remaining non-federal parties; no judicial resources had yet been expended on the state-law claims, and the plaintiff had displayed a preference for state court); *Gulati v. Zuckerman*, 723 F. Supp. 353, 358-59 (E.D. Pa. 1989) (noting that once the federal parties are dismissed from a case removed under Section 1442(a)(1), a federal district court has discretion to retain the remaining state-law claims, but that in general state-law claims with no independent basis in federal jurisdiction should be heard in state court, particularly where the federal court has had no occasion to address the merits of the state-law claims). "[F]ailure to remand under these circumstances may constitute an abuse of discretion." *Merit Sys. Prot. Bd.*, 762 F.2d at 133 (citing *IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 160 (5th Cir. 1982)).

In this case, it is plain that considerations of comity, federalism, judicial economy, and fairness to litigants weigh heavily in favor of remand of the remaining claims in the case to state court. The complete record of the proceedings in this case in state court before removal is not before the Court, but, given that the operative complaint in the case is Futch's sixth, it can be inferred that the case has been pending for a substantial amount of time. Similarly, of the 129 Defendants named in Futch's operative complaint, it appears that TVA is the only one that can assert or has asserted federal subject matter jurisdiction and, correspondingly, a right to remove this case.[3] In both its notice of removal and answer TVA propounded defenses based on federal law to Futch's claims

---

3. The Court's examination of records contained in its Case Management/Electronic Case Files ("CM/ECF") system does not disclose any previous attempts to remove this case. *See Jackson v. Van Kampen Series Fund, Inc.*, Nos. 06-cv-944-DRH, 06-cv-994-DRH, 2007 WL 1532090, at *1 (S.D. Ill. May 24, 2007) (judicially noticing case files in the Court's CM/ECF system); *Parthasarathy v. T. Rowe Price Int'l Funds, Inc.*, Nos. 06-cv-943-DRH, 06-cv-1008-DRH, 2007 WL 1532104, at *1 (S.D. Ill. May 24, 2007) (same).

against the agency, as TVA was required to do, of course, in order to establish removal jurisdiction under 28 U.S.C. § 1442. *See Alsup*, 435 F. Supp. 2d at 844. *See also Lambert v. B.P. Prods. N. Am., Inc.*, Civil No. 04-347-GPM, 2006 WL 924988, at *6 (S.D. Ill. Apr. 6, 2006). Apart from those defenses, however, which are no longer operative, naturally, in light of the Court's decision to grant voluntary dismissal as to Futch's claims against TVA, this case is governed entirely by state law. Under these circumstances, considerations of comity and federalism obviously favor remand. Similarly, in view of the overwhelmingly non-federal nature of this case, it seems to the Court highly unfair to deprive Futch of her chosen state-court forum. Finally, continued proceedings in this Court will not serve judicial economy. The Court has not devoted any substantial resources to this case and has not had any occasion to address the merits of Futch's state-law claims. The case is set for trial in state court, and there is a high probability that continued proceedings in federal court will serve merely to delay the case, particularly if, as seems likely, it is transferred to a federal multidistrict litigation ("MDL") proceeding for cases involving asbestos-related personal injuries. Relinquishment of jurisdiction is clearly the proper course.

The Court finds *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695 (S.D. Tex. 2002), particularly instructive on the issue of remand. *Madden*, like this case, was an action for personal injuries allegedly caused by asbestos. *See id*. at 698. The case was removed when one defendant out of forty asserted federal officer jurisdiction. *See id*. at 698, 702. The district court held that the claims against the non-federal defendants should be remanded to state court. In so holding, the court noted that, apart from a single claim asserted against the federal officer defendant, "the lengthy list of additional causes of action asserted against the remaining Defendants (all forty of them) are supplemental state law claims. Plainly, the Remaining Claims, which are exclusively derived from

state law, . . . substantially predominate . . . over Plaintiff's single failure to warn claim against the sole 'federal officer' Defendant." *Id*. at 702.  The court observed also that "the Remaining Claims have been pending in state court (Plaintiff's chosen forum) for nearly two years.  Effecting a forum change at this crossroads, when all of the Parties have spent considerable time and money preparing for a state court trial (as opposed to a trial in a federal forum), would cause unnecessary hardship to all involved." *Id*.  In particular, the court noted that the case was set for trial in state court in the near future and described "delaying the resolution of the Remaining Claims" through continued proceedings in federal court as "senseless and unjustified." *Id*.  Finally, the court said, "if the Remaining Claims are not remanded, they will surely be transferred to the MDL Court in the Eastern District of Pennsylvania.  There are thousands of asbestos cases pending in that forum and, if history be any indicator, Plaintiff's claims against the Remaining Defendants will not be heard for many years." *Id*.  Thus, the court concluded, "[k]eeping these claims in federal court will not increase efficiency and expediency.  Rather, the opposite is true." *Id*.  Accordingly, the court severed the claim against the federal officer defendant from the claims against the other defendants and remanded the latter to state court. *See id*. at 702-03.

Obviously, all of the concerns voiced by the *Madden* court apply with equal force in this instance.  The only claim in this case that implicated federal subject matter jurisdiction, Futch's claim against TVA, has been dismissed, while state law predominates as to Futch's claims against the other 128 Defendants named in her operative complaint.  Futch's chosen forum is state court, where this action currently is set for trial.  To date the Court has not been required to devote substantial resources to this case although, if the case continues in this forum, the result undoubtedly will be a waste of resources for the parties.  Trial on Futch's claims inevitably will be delayed,

particularly if this action is transferred to an MDL proceeding.  Under these circumstances, it clearly is inappropriate for the Court to retain jurisdiction over this case.  "Although this Court might still have discretion to retain these [claims], concerns of comity and federalism favor 'remanding to the state courts cases in which state court adjudication can properly claim primacy of interest.'" *805 Third Ave. Co. v. Excel Mktg. Enters. Corp.*, Nos. 85 Civ. 5205 (CSH), 85 Civ. 7030 (CSH) & 85 Civ. 7031 (CSH), 1987 WL 12822, at *5 (S.D.N.Y. June 17, 1987) (quoting *Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 562 (2d Cir. 1978)).  "Where, as here, 'the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the nonfederal claims it is . . . akin to 'making the tail wag the dog' for the District Court to retain jurisdiction.'"  *Id.* (quoting *Murphy v. Kodz*, 351 F.2d 163, 167-68 (9th Cir. 1965)).  The Court concludes in its discretion that Futch's remaining claims should be remanded to state court.

### CONCLUSION

Futch's motion for voluntary dismissal of TVA (Doc. 26) is **GRANTED**, and TVA is hereby **DISMISSED** from this case.  Futch's motion for remand (Doc. 27) is **GRANTED**, and this action is hereby **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.  The Clerk of Court is **DIRECTED** to mail a certified copy of this Order to the clerk of the state court and to close the Court's file in this case.

**IT IS SO ORDERED.**

DATED:  6/15/07

s/ *G. Patrick Murphy*
G. Patrick Murphy
Chief United States District Judge